El Pueblo de Puerto Rico, demandante y apelado, *v.* José Santana, acusado y apelante.

Núm. 7679.—*Sometido:* Mayo 29, 1939. *Resuelto:* Julio 5, 1939.

*C. H. Juliá,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

José Santana fué acusado de infracción al artículo 11 de la Ley núm. 67 de 1934 (Leyes de ese año, pág. 459).

El día señalado para el juicio, el acusado compareció personalmente. Inmediatamente antes de dar principio a la celebración del juicio, tuvo lugar el siguiente incidente:

"En enero 20 de 1938, y previo señalamiento en el Calendario Criminal de esta Corte, se llamó este caso para juicio oral, compareciendo El Pueblo de Puerto Rico representado por el Hon. Domingo Massari, Fiscal de Distrito. El acusado compareció en propia persona.

"Juez: ¿Están listas las partes?

"Fisc. Estamos listos, señor Juez.

"Lic. Juan Ramírez Viñas: Señor Juez, a nombre del Lic. Carlos H. Juliá, vamos a solicitar la suspensión del caso debido a que el acusado contrató los servicios profesionales del compañero Juliá, le ha satisfecho sus honorarios, y éste se encuentra en cama enfermo, según certificación facultativa que ofrecemos, y no le será posible asistir a Corte en el día de hoy.

"Juez: La Corte le va a negar la suspensión, y le concede diez minutos al acusado para que busque un abogado.

"Lic. Ramírez Viñas: Señor Juez, nosotros vamos a unir esta certificación médica a los autos.

"Juez: Sí, cómo no.

(Receso)

"Juez: Lectura de la acusación.

(El señor Secretario da lectura a la acusación.)

"Juez: ¿Qué alegación usted hace? ¿Es culpable o es inocente?

"Acusado: Inocente." .

Inmediatamente después se dió principio a la práctica de la prueba. El acusado no estuvo representado por abogado ni aparece de los autos que el juez inferior le informase de ese derecho ni que le ofreciera nombrarle uno en el caso de que no pudiera pagar un defensor.

Así continuó el procedimiento, culminando con una convicción y sentencia de dos años de cárcel, sin costas.

Apeló el acusado para ante este tribunal y entre otros imputa a la corte sentenciadora los siguientes errores:

"La Corte inferior cometió manifiesto error al no dar tiempo razonable al acusado para preparar su defensa y someterse a juicio;" y

"La Corte inferior cometió error al celebrarse juicio al acusado sin asistencia de abogado."

No abrigamos duda alguna de que el término de diez minutos que se concedió al acusado para conseguir otro abogado que asumiese su representación legal y estuviese dispuesto a entrar en juicio en tan breve término, no fué un plazo razonable y equivalió a privarlo de su derecho a estar representado por abogado, sobre todo si se considera que el delito imputádole, si bien está calificado como *misdemeanor*, es castigable con pena máxima de veinte años de cárcel. No habiéndose advertido al acusado su derecho a estar representado por abogado ni habiéndosele ofrecido nombrarle uno de oficio si él carecía de medios para contratarlo, se infringió el derecho constitucional que a todo acusado garantiza el artículo 2 de nuestra Carta Orgánica. Véase *Ex parte Her-*

*nández Laureano*, 54 D.P.R. 416, y *Johnson* v. *Zerbst*, 304 U. S. 458.

*Procede, por lo expuesto, revocar la sentencia apelada y devolver el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Travieso no intervino.